The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| COLUMBIA RIVERKEEPER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS, ET AL.,<br><br>Defendants. | No. 3:13-cv-05640-RBL<br><br>**STIPULATION TO STAY PROCEEDINGS PENDING RESOLUTION OF MOTION TO TRANSFER AND CONSOLIDATE** |

Plaintiff and Defendants (collectively, "Parties") have conferred and hereby stipulate and request, pursuant to LCR 7(d)(1) and 10(g), that the Court stay all proceedings, including the filing of Defendants' response to the Complaint and all remaining deadlines established pursuant to Judge Creatura's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement (Dkt. No. 6), pending final action by the United States Judicial Panel on Multidistrict Litigation ("the Panel") regarding Plaintiff's Motion to Transfer and Consolidate Under 28 U.S.C. § 1407 (MDL No. 2494, Dkt. No. 1) ("Motion to Transfer"). *See* Dkt. No. 8.

In support of this Stipulation and request, the Parties state as follows:

Stipulation to Stay Proceedings;
No. 3:13-cv-05640-RBL                        1

U.S. Dept. of Justice/ENRD
999 18th Street
South Terrace; Suite 370
Denver, CO 80202
(303) 844-1498

1. On July 31, 2013, Plaintiff filed the Complaint (Dkt. No. 1) in the above-captioned action, alleging that the portion of the Bonneville Dam located in the State of Washington discharges pollutants in violation of section 301(a) of the Clean Water Act ("CWA"), 33 U.S.C. § 1311(a).

2. Also on July 31, 2013, Plaintiff filed related complaints in the District of Oregon and the Eastern District of Washington, similarly alleging that dams or portions of dams located in those districts discharge pollutants in violation of section 301(a) of the CWA, 33 U.S.C. § 1311(a).

3. Specifically, the complaint filed in the District of Oregon addressed alleged discharges from portions of the Bonneville, John Day and McNary dams; the complaint filed in the Eastern District of Washington addressed alleged discharges from The Dalles, Ice Harbor, Lower Monumental, Little Goose and Lower Granite dams, and also addressed alleged discharges from portions of the John Day and McNary dams.

4. Plaintiff seeks similar relief regarding each of the dams addressed in the three cases.

5. The complaints in the three cases allege that subject matter jurisdiction exists under, *inter alia*, CWA section 505(c), 33 U.S.C. § 1365(c), which provides that "[a]ny action respecting a violation by a discharge source of an effluent standard or limitation . . . may be brought under this section *only in the judicial district in which such source is located*." (Emphasis added.)

6. On September 12, 2013, Plaintiff filed the Motion to Transfer, in which Plaintiff seeks centralization of the three cases under 28 U.S.C. § 1407, and suggests that the cases be assigned to Judge Simon in the District of Oregon.

Stipulation to Stay Proceedings;
No. 3:13-cv-05640-RBL            2

U.S. Dept. of Justice/ENRD
999 18th Street
South Terrace; Suite 370
Denver, CO 80202
(303) 844-1498

7. Defendants' response to Plaintiff's Motion is due on or before November 1, 2013. Defendants do not plan to contest centralization of the cases under 28 U.S.C. § 1407, but are evaluating what the most appropriate forum would be.[1]

8. Plaintiff's reply in support of the Motion to Transfer is due on or before November 8, 2013, and oral argument before the Judicial Panel on Multidistrict Litigation is scheduled for December 5, 2013.

9. In the instant case, Defendants' response to the Complaint currently is due on October 24, 2013, the Parties' deadline to conduct the FRCP 26(f) conference is November 8, 2013, the Parties' initial disclosures deadline is November 15, 2013, and the Parties' joint status report is due on November 15, 2013. *See* October 18, 2013 Order to Reset Deadlines.[2]

10. In addition to seeking the stay of the instant case, the Parties have or soon will seek stays of the other two related cases pending resolution of the Motion to Transfer.

11. A stay of proceedings is warranted at this time to conserve the resources of the Parties and the Court. Until the Panel rules on the Motion to Transfer, it will not be known whether centralization will occur or to what forum the proceedings would be transferred. Thus, the Parties'

---

[1] Columbia Riverkeeper's agreement to the stay addressed in this Stipulation is based on its expectation that Defendants will not contest centralization under 28 U.S.C. § 1407, and so Columbia Riverkeeper reserves its right to seek a lifting of the stay in the unlikely event that Defendants oppose centralization. Nonetheless, at this time the Parties jointly request that the Court act expeditiously to stay these proceedings in accordance with this Stipulation.

[2] The October 18, 2013 Order did not address the due date for Defendants' response to the Complaint.
The due date included herein for the response to the complaint is based on adding the length of the shutdown (*i.e.*, 16 days) to the prior due date of October 8, 2013.

Stipulation to Stay Proceedings;
No. 3:13-cv-05640-RBL                            3

U.S. Dept. of Justice/ENRD
999 18th Street
South Terrace; Suite 370
Denver, CO 80202
(303) 844-1498

efforts to comply with the current deadlines, and the Court's review of the filings submitted pursuant to those deadlines, may well be wasted depending on the Panel's decision on the Motion to Transfer.

12. "A stay pending the [Panel's] decision can increase efficiency and consistency, particularly when the transferor court believes that a transfer order is likely and when the pending motions raise issues likely to be raised in other cases as well." Manual For Complex Litigation, Fourth § 22.35 (2004). Indeed, stays pending the outcome of Panel decisions are "routine and advisable." *Burns v. Gerber Prods. Co.*, No. CV-12-5027-EFS, 2012 WL 8251405, at *5 (E.D. Wash. Sept. 4, 2012).

13. In general, courts consider three factors in deciding whether to order such a stay: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

14. Because the Parties jointly seek this stay, there is no prejudice to a non-moving party to consider. Indeed, the stay would benefit the Parties by allowing them to avoid an unnecessary waste of effort and resources, and to focus their efforts on the proceedings before the Panel.

15. The Parties will benefit from a stay of this matter until such time as the Panel decides whether to transfer the case. Both Parties will be able to conserve resources on pretrial practice that may prove unnecessary, and will instead be able focus resources on the proceedings before the Panel. Should the Panel agree that consolidation is proper, absent a stay many similar issues may

Stipulation to Stay Proceedings;
No. 3:13-cv-05640-RBL                    4

U.S. Dept. of Justice/ENRD
999 18th Street
South Terrace; Suite 370
Denver, CO 80202
(303) 844-1498

be re-litigated in the transferee court. A temporary stay would alleviate this potential waste of effort and resources.

16. A stay of this action may help avoid having multiple federal courts oversee and review duplicative pretrial issues, including scheduling matters, written discovery, depositions, and pretrial and dispositive motions. *See In re Ivy*, 901 F.2d 7, 9 (2nd Cir. 1990). Accordingly, judicial economy strongly counsels against investment of this Court's time in pretrial proceedings before the Panel decides whether this action should be consolidated with the two related actions, consistent with the very purposes of the multidistrict litigation statute. *See Namovicz v. Cooper Tire & Rubber Co.*, 225 F. Supp. 2d 582, 585 (D. Md. 2001) ("A stay is necessary to ensure that, in the event consolidation of all cases for pre-trial litigation is ordered, there is consistent treatment of the numerous lawsuits and that judicial resources are not wasted.").

17. Based on the above considerations, the Parties believe it would be in the best interests of the Parties and the Court to stay all proceedings in this matter until such time as the Panel renders its decision.

Accordingly, the Parties stipulate, agree, and request that the Court stay all proceedings until the Panel rules on the Motion to Transfer. Thereafter, in the event that the Panel grants the Motion to Transfer and transfers the cases to a different district from this one, then pretrial proceedings would be conducted in that other district. In the event that the Panel either transfers the cases to this Court or denies the Motion to Transfer, then the following deadlines would apply in this Court:

    A.    Fourteen days from Panel's ruling on Motion to Transfer: Defendants' response to the Complaint(s) due.

Stipulation to Stay Proceedings;
No. 3:13-cv-05640-RBL          5

U.S. Dept. of Justice/ENRD
999 18th Street
South Terrace; Suite 370
Denver, CO 80202
(303) 844-1498

B.  Twenty-one days from Panel's ruling on Motion to Transfer: deadline for the Parties' Rule 26(f) conference.

C.  Twenty-eight days from Panel's ruling on Motion to Transfer: Initial disclosures under Fed. R. Civ. P. 26(a)(1) due.

D.  Thirty-five days from Panel's ruling on Motion to Transfer: the Parties' Joint Status Report due.

Respectfully Submitted this 18th of October, 2013,

ROBERT G. DREHER
Acting Assistant Attorney General
Environment & Natural Resources Division

  /s/ Mark A. Nitczynski
MARK A. NITCZYNSKI (CSB 20687)
U.S. Department of Justice/ENRD
999 18th Street
South Terrace; Suite 370
Denver, CO 80202
Attorney for Defendants

  /s/ Brian A. Knutsen
BRIAN A. KNUTSEN
Smith & Lowney, P.L.L.C.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883
Attorney for Plaintiff

**IT IS SO ORDERED.**

Dated this 21st day of October, 2013.

Ronald B. Leighton
United States District Judge

Stipulation to Stay Proceedings;
No. 3:13-cv-05640-RBL

6

U.S. Dept. of Justice/ENRD
999 18th Street
South Terrace; Suite 370
Denver, CO 80202
(303) 844-1498

Presented by:

MARK A. NITCZYNSKI (CSB 20687)
U.S. Department of Justice/ENRD
999 18th Street
South Terrace; Suite 370
Denver, CO 80202

BRIAN A. KNUTSEN
Smith & Lowney, P.L.L.C.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

Stipulation to Stay Proceedings;
No. 3:13-cv-05640-RBL

7

U.S. Dept. of Justice/ENRD
999 18th Street
South Terrace; Suite 370
Denver, CO 80202
(303) 844-1498